**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20352-BLOOM**

**UNITED STATES OF AMERICA**

*Plaintiff,*

vs.

**JOHNNY BATTLE,**

*Defendant.*

______________________________/

**DEFENDANT'S OMNIBUS MOTION IN LIMINE TO UNITED STATES' NOTICE OF INTENT TO USE INEXTRICABLY INTERTWINED EVIDENCE OR IN THE ALTERNATIVE, 404(B) EVIDENCE AND RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE**

The Defendant, JOHNNY BATTLE, by and through undersigned counsel, hereby files this Omnibus Motion in Limine to the United States' Notice of Intent to Use Inextricably Intertwined Evidence or in the Alternative, 404(b) Evidence (DE: 49), and Response in Opposition to the Government's Motion in Limine to Admit Evidence (DE 57), in accordance with the Court's Order at DE 58, and in support thereof states the following:

## MEMORANDUM OF LAW

*Introduction - - The "Bad Acts"*

The Government, through the above two filings (DE 49 and DE 57) seeks to introduce evidence of several *text messages* that Mr. Battle had with unknown persons or unidentified individuals, regarding alleged sales/trades of firearms for marijuana/dope, allegations of shooting up houses to collect a debt, selling guns to be sent overseas, and selling guns to convicted felons/prohibited persons. In short, the Government seeks to introduce the above "bad acts" and similar references (hereinafter to referred to collectively as "Bad Acts") discovered in Mr. Battle's phone without any regard to the truth of those statements, even if made out of context as purported[1], and without any other supporting evidence of their veracity.

Moreover, none of those text messages are necessary to prove the actual charges that the Defendant is charged with here. The true Government's purpose, however, in seeking to introduce this evidence is to show that Mr. Battle is a "bad person", that he has the propensity to commit other crimes and to unduly prejudice the jury against him in violation of Federal Rules of Evidence, Rule 401, 403, and 404(b).

---

[1] Even the government's reference to selling guns abroad is asserted improperly because Mr. Battle states he is ***not*** going to sale the firearms. He states that he knows of others that do - - but he is not going to sell them. As often the case, these text messages are confusing and would require a mini-trial on their own. They also can cause the burden to shift to the defense impermissibly; thereby requiring an explanation for these unclear references or when taken out of context.

Under Federal Rule of Evidence 404(b), evidence of other crimes may not be admitted to prove that the defendant acted in conformity with a particular character trait, and may *only* be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. To admit evidence of other crimes or acts under this rule, the Court must find that: (1) the evidence is relevant to an issue *other* than the defendant's character, (2) there is sufficient proof for a jury to find that the defendant committed the act in question, and (3) the probative value of the evidence is not substantially outweighed by undue prejudice under Rule 403. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000)).

The United States Supreme Court examined the Advisory Committee's Notes in analyzing the rule: "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the admissibility of *other means of proof* and other factors appropriate for making decisions of this kind under Rule 403." *Huddleston v. United States*, 485 U.S. 681, 688 (1988) (emphasis added).

Furthermore, evidence of criminal activity *other* than the offense charged is not "extrinsic" for purposes of the rule and thus falls outside its scope when such evidence is (1) an uncharged offense arising out of the same transaction as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably

intertwined with the charged offense. *Edouard*, 485 F.3d at 1344. *See also United States v. Veltmann*, 6 F.3d 1483, 1498 (11th Cir. 1993). "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Evidence is inextricably intertwined if it forms an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Edouard*, 485 F.3d at 1344 (quoting *United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir 1989)).

## I. <u>The Evidence is Not Inextricably Intertwined.</u>

Mr. Battle is charged with two counts, by Superseding Indictment, filed on December 8th, 2022, (DE 28). Count I charges him with Dealing in Firearms without a License, in violation of 18 USC section 922(a)(1)(A). He is not charged in unlawful trafficking in firearms or shooting firearms. Nor is he charged with any narcotic offenses. To be sure, the Government needs to only prove 3 elements, as follows as to Count I:

(1) the Defendant engaged in the business of dealing in firearms;

(2) the Defendant didn't have a Federal License; and

(3) the Defendant acted willfully.

See 11th Circuit Jury Instructions at JI- - 034.1.

The Defendant is also charged with possession of a machine gun conversion device on May 3rd, 2022, at Count II of the Superseding Indictment. The definition of "machine gun" is important under the facts of this case and the charging decision here. To be sure, Mr. Battle is not charged with firing a machine gun and nor is he charged with possession of a complete and ready-to-go machinegun. He is charged with a <u>device</u> or a mechanical part that converts a semi-automatic firearm into a fully automatic weapon when it is correctly configured/assembled. The definition of "machine gun", at 18 USC section 922(o)(1), includes the possession of a part, such as the alleged device here. There are only two elements that the Government needs to prove for Count II:

(1) the Defendant possessed a "machine gun" (that includes this alleged device/part); and

(2) the Defendant knew it was a machine gun or was aware of the firearm's essential characteristics that made it a "machine gun" as defined.

See 11th Circuit Jury Instructions, JI - - 034.8.

To be sure, the Government did not find Mr. Battle with any drugs at any time. Nor did they witness him exchanging drugs for any firearms at any time. Indeed, they have in their possession texts that he "does not do drugs." Moreover, he had several gun related licenses (Carrying Concealed Firearm Permit, Florida

State "D" and "G "Security Armed Guard Licenses), and Mr. Battle has no prior criminal history.

**GOVERNMENT HAS OTHER MEANS OF PROOF**

The main trust of the Government's case will be with video and audio recordings of the alleged purchases made by the Under Cover Agent or "UC". The Government will introduce the video recordings, audio recordings and introduce into evidence 6 firearms that they allegedly purchased from him for cash. In addition, the UC will testify to his interactions with Mr. Battle. The Government does not need to introduce all six firearms purchased by the UC to prove Count I. As to Count II, the Government will introduce similar audio and video evidence, including the UC testimony. Then, they will call ATF Agent Moser, as a firearm expert, including machinegun expert and have him explain his examination of the switch that the UC obtained and that he examined in the ATF lab in West Virginia.

As such, all of the "bad acts" mentioned above are not acts that arose out of any transaction with the UC. Indeed, the bad acts are not necessary to complete the story of the crime because they have nothing to do with that; and certainly these alleged bad acts are not even intertwined at all with the UC transactions.

The Government's true purpose in seeking to introduce these bad acts is clearly revealed at DE 57, page 4 - - *anticipation* of a Defense. For some reason, the

Government wrongly believes and has imagined that the Defendant will claim he used someone's else's Federal License to sale firearms. That will not be case. Moreover, the unfair prejudice here is so substantial that the court should not allow these "bad acts" simply because the Government believes, fears or *anticipates* a particular defense. A particular defense is not found in the above controlling case law to offer otherwise inadmissible and prejudicial evidence.

Moreover, the evidence the Government seeks to introduce is not a natural part of the account of the crime or *necessary* to complete the story, as explained by the Eleventh Circuit. These texts have nothing to do with the evidence the Government will introduce against Mr. Battle by the UC. For these reasons, the evidence the Government seeks to admit is not inextricably intertwined with the charged conduct and is inadmissible.

## II. **The Evidence is Not Admissible Under 404(b).**

First, this evidence is inadmissible under 404(b) because it does not go to Mr. Battle's motive or intent when he allegedly sold guns to the UC. As discussed above, these alleged UC transactions and collective "bad acts" are unrelated—any motive or state of mind that he may have had when he made those alleged communications is entirely separate from the events of prior to his arrest in late 2022 and his

communications with the UC. Indeed, the Government stated that these texts are from unknown people.

Second, the evidence is inadmissible because it does not meet the Rule 403 standard. Any probative value the communications may have is *substantially* outweighed by the danger of undue prejudice to Mr. Battle. As the Advisory Committee Notes to Rule 403 point out, the issue with admitting such evidence is that it may induce a decision on a purely emotional basis. Again, Mr. Battle is not charged with any crime relating to drugs, shooting or trafficking in firearms. He is only charged with alleged sales without a Federal License and possession of one switch on May 3rd, 2022. Such evidence of the bad acts will only inflame the jury against Mr. Battle without supporting the actual charges against him.

For the same reason, the evidence raises another concern under Rule 403: confusion of the issues. The jury may be confused as to what alleged events Mr. Battle is charged with. Also, the Government is seeking also to unnecessarily prolong the trial by qualifying two alleged ATF experts, that have not testified as experts in over four years, to testify on "trafficking" conclusions. Again, that is completely not necessary for the above charges against Mr. Battle.

Finally, under *Huddleston*, the Court should consider the availability of other means of proof that go to the actual charged conduct. The Government asserts that they have evidence that proves Mr. Battle's s guilt for these two charges. *If* this is

true, then admitting evidence from an entirely unrelated series of events that are collateral and not provable by other evidence is wholly unnecessary. Therefore, the evidence is inadmissible under Rules 403 and 404(b).

**WHEREFORE**, Mr. Battle respectfully requests this Honorable Court exclude the evidence the Government seeks to admit as inextricably intertwined or 404(b) evidence.

Respectfully submitted,

***S. PATRICK DRAY, P.A.***
S. Patrick Dray, Esq.,
40 NW Third Street, Suite 200
Miami, FL 33128 / Ph. (305) 379-4501

By: /s/ *S. Patrick Dray*
S. Patrick Dray
Florida Bar No. 0180157
pat@patdray.com
*Counsel & Attorney for Johnny Battle, Jr.*

**CERTIFICATE OF SERVICE**

**I CERTIFY** that on July 24th, 2023, I electronically filed the foregoing document with service to all counsel of record using CM/ECF.

/s/ *S. Patrick Dray*
S. PATRICK DRAY, ESQUIRE